IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EMMA J. MILLER, INDIVIDUALLY AND AS
PERSONAL REPRESENTATIVE OF THE ESTATE
OF JASPER PRUITT, DECEASED                                                                 PLAINTIFFS

V.                                                                           CAUSE NO.: 1:09CV273-SA-JAD

ONEBEACON INSURANCE COMPANY                                                              DEFENDANT

MEMORANDUM OPINION

Defendant has filed a Motion for Summary Judgment [51] seeking dismissal of Plaintiffs' cause of action. For the foregoing reasons, the Defendant's motion is granted.

*Factual and Procedural Background*

In 1968, Jasper Pruitt sustained a work-related injury rendering him permanently and totally disabled. In a detailed opinion, the Mississippi Workers' Compensation Commission (MWCC) determined that Pruitt's condition was such that someone needed to be with him twenty-four hours a day. In January 1990, the MWCC ordered the workers' compensation insurance carrier[1] to pay Pruitt's sister, Lorene Miller, for eight hours of unskilled home nursing services at the minimum wage rate per day from October 11, 1989, "and for future services." At that time, Miller and her three children were living with Pruitt and providing unskilled home care services.

The 1990 Order was modified in 1994 to provide that unskilled nursing services would be paid by the carrier only for the days of each month said services were actually provided to or for Pruitt and not for days he was hospitalized. The 1994 Order further substituted Emma J. Miller, Plaintiff here, for her mother as the designated provider of unskilled nursing services for Pruitt. It

---

[1]The General Accident Insurance Company of America was the original workers' compensation carrier. The name changed later to OneBeacon Insurance Company.

is undisputed that OneBeacon paid Miller minimum wage for eight hours a day each day that Pruitt was not hospitalized.

Jasper Pruitt passed away on December 28, 2006. Over a year later, Miller filed a Petition with the MWCC seeking compensation for duties performed in excess of eight of hours per day for Jasper Pruitt from 1999-2006. Miller admits that prior to the filing of the Petition, she did not file any claims with OneBeacon or complain to anyone about not being paid for hours worked in excess of eight hours. Her attached affidavit listed the services she provided, and while she claimed the services rendered required at least sixteen hours a day, her "Total Average Daily Hours" as calculated from her list totals eleven hours. Litigation ensued for over one year in the MWCC. On February 6, 2009, the administrative law judge entered an order finding "that the payment of $30,000 to Emma J. Miller, for past unskilled nursing services is the amount the Employer and Carrier are willing to pay and the amount Emma J. Miller is willing to approve to terminate all administrative proceedings herein." Accordingly, the judge noted that upon acknowledgment of the $30,000 payment, "this claim shall stand finally dismissed and the Commission file closed." Miller endorsed and deposited a check from OneBeacon that stated the check was given "IN PAYMENT OF SETTLEMENT PROCEEDS FULL FINAL ALL ISSUES."

Plaintiffs filed this suit on October 20, 2009, in the Circuit Court of Clay County. It was removed to this Court in November of 2009.[2] Plaintiffs contend Miller is "entitled to receive compensation for the unskilled nursing services rendered Mr. Pruitt, deceased, in excess of eight (8) hours per day from 1999-2006 . . . ."

---

[2]Emma J. Miller was the original plaintiff to this matter. She amended her complaint on February 2, 2010, to include the Estate of Jasper Pruitt as a plaintiff.

2

Defendant filed this Motion for Summary Judgment on the basis that the suit is barred under the doctrines of accord and satisfaction, res judicata, collateral estoppel, waiver, and estoppel; that the MWCC has exclusive jurisdiction over this matter; the Plaintiffs lack standing and failed to exhaust; and because the claims cannot succeed on the merits.

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) when the evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." Little, 37 F.3d at 1075.

*Discussion and Analysis*

(a) Tortious Breach of Contract - Additional Uncompensated Eight Hours

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). Res judicata "insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994). The Fifth Circuit has established four elements that must be satisfied for a claim to be barred by res judicata: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." Oreck Direct, LLC v. Dyson, Inc., 560 F.3d 398, 401 (5th Cir. 2009)(citing In re Ark-La-Tex Timber Co., 482 F.3d 319, 330 (5th Cir. 2007)).

Here, the parties involved in the two actions are identical. Emma Miller filed her petition against OneBeacon to the MWCC. Because of the nature of the allegations, the MWCC was the proper forum for that grievance. See Miss. Code Ann. § 71-3-47 (workers' compensation claims "shall be determined by" the Mississippi Workers' Compensation Commission); Miss. Code Ann. § 71-3-15 (claims of medical provider against carrier are properly considered part of the workers compensation claim). Further, the third element of res judicata is satisfied in that a final judgment was entered. The MWCC entered a final order on February 6, 2009, acknowledging the settlement reached between the parties, the amount to be paid, and that Miller was willing to terminate the proceedings for that amount of money. See In re W. Tex. Mktg. Corp., 12 F.3d 497, 500 (5th Cir. 1994) ("[T]his [C]ourt has long recognized that a consent judgment is a judgment on the merits, and

4

is normally given the finality accorded under the rules of claim preclusion.") (internal quotation marks and citations omitted); <u>Russell v. SunAmerica Sec., Inc.</u>, 962 F.2d 1169 (5th Cir. 1992) (consent judgment resulting from settlement considered "final judgment" for res judicata purposes).

Plaintiff Miller seeks to differentiate this claim from the claim filed with the MWCC on the basis that OneBeacon only settled that case as to three hours of additional compensation with their $30,000 check. Miller calculated that three additional hours would be worth $37,954.56. She further contends that if the entire additional requested eight hours was compensated, the total would be $101,212.16. Thus, Plaintiff Miller asserts she has not waived her claim to the additional five hours of compensation.

Miller's Petition to the MWCC requested that the Commission "determine the amount of time [Miller] devoted to providing non-professional home nursing services . . . in excess of 8 hours per day between 1999 and 2006" and "[e]nter an award for the hours of care . . . in excess of the hours for which compensation has been paid." Her attachment to the Petition specifically enumerated that "[s]ervices rendered required at least sixteen (16) hours per day . . . ." Her Amended Complaint in this action states that "Plaintiff is entitled to receive compensation for the unskilled nursing services rendered Mr. Pruitt, deceased, in excess of eight (8) hours per day from 1999-2006 . . . ." The same claim for compensation is thus apparent in both causes of action, and the doctrine of res judicata commands the dismissal of Emma J. Miller's claim for additional hours worked from 1999 through 2006 beyond the eight hours compensated by OneBeacon.

The Estate of Jasper Pruitt has not explicitly applied for relief to the MWCC based on Miller's demand for an additional eight hours of compensation during those years. Mississippi Code

Section 71-3-47 provides that the MWCC "shall have full power and authority to determine all questions relating to the payment of claims for compensation." The MWCC has not had the opportunity to determine those questions as they relate to the Estate. Thus, the Estate's claim shall be dismissed for lack of jurisdiction over that claim.

### (b) Bad Faith and Punitive Damages

Plaintiffs allege that Defendant willfully refused to make compensation payments to Plaintiff; willfully and in bad faith denied, withheld, or delayed Plaintiff's payments; and intentionally delayed or denied Plaintiff's additional compensation.

There is no proof presented that Defendant delayed or even denied Plaintiff's request for compensation. Plaintiff Miller admitted in her deposition that she never contacted anyone prior to filing her Petition with the MWCC about working additional hours without compensation. Miller did not ask Defendant to pay her for additional hours prior to December of 2007. Plaintiff admitted that because there was no request, there was nothing for Defendant to deny or delay prior to the filing of the MWCC Petition.

The Defendant argues that Plaintiffs' bad faith claims are subject to dismissal as there has been no adjudication of Plaintiffs' right to compensation benefits by the MWCC, which is a prerequisite to the imposition of a bad faith claim. Under Mississippi law, one may "not maintain a bad faith action for refusal to pay for disputed medical services and supplies absent the Commission's prior determination that those services and supplies were reasonable and necessary." Walls v. Franklin Corp., 797 So. 2d 973, 977 (Miss. 2001). See also Day-Brite Lighting Div., Emerson Elect. Co. v. Cummings, 419 So. 2d 211, 212-13 (Miss.1982); Morris v. Adventist Health

Ctr., 2008 U.S. Dist. LEXIS 9247 (S.D. Miss. Jan. 23, 2008).

There has been no finding of compensability by the Mississippi Workers' Compensation Commission, which is an absolute prerequisite to filing a bad faith claim in Mississippi for a failure to pay benefits. Accordingly, Plaintiffs' bad faith claims do not survive summary judgment.

Under Mississippi law, an insurance company which unreasonably refuses to pay a legitimate claim may be subjected to punitive damages. However, "[p]unitive damages are not recoverable for a breach of contract unless such breach is attended by intentional wrong, insult, abuse or such gross negligence as to consist of an independent tort." Progressive Casualty Ins. Co. v. Keys, 317 So.2d 396, 398 (Miss.1975). Neither are punitive damages recoverable "if an insurance company has a legitimate or an arguable reason for failing to pay a claim." Standard Life Insurance Co. v. Veal, 354 So.2d 239, 248 (Miss.1977). Without a finding of compensability, punitive damages are not awardable by this Court. Thus, Plaintiffs' punitive damages claims are dismissed as well.

 (c) Intentional Infliction of Emotional Distress

Plaintiffs have not put forth enough evidence to raise a genuine issue of material fact as to any intentional infliction of emotional distress. There has been no proof submitted that OneBeacon intentionally or willfully denied or delayed the paying of any additional claim of Plaintiffs. Moreover, there has been no proof submitted that Plaintiffs suffered any emotional distress as a result of Defendant's actions. Accordingly, Plaintiffs' claims for intentional infliction of emotional distress are dismissed.

*Conclusion*

For the foregoing reasons, Defendant's Motion for Summary Judgment [51] is GRANTED. Emma Miller's claim for compensation for additional hours is barred by res judicata. Even if the Estate of Jasper Pruitt has a claim for compensation of those additional hours, MWCC has exclusive jurisdiction over those claims. Moreover, Plaintiffs have not presented a genuine issue of material fact as to their bad faith, punitive damages, and intentional infliction of emotional distress claims. Even if there were disputed issues as to bad faith, however, the claims are precluded as the MWCC did not adjudicate whether those additional hours were compensable.

An order consistent with this memorandum shall issue forthwith. This case is CLOSED.

SO ORDERED, this the 16th day of December, 2010.

      **/s/ Sharion Aycock**
      **U.S. DISTRICT JUDGE**